```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
UNITED STATES OF AMERICA               :
                                       :
          -v-                          :   06 Cr. 600 (DLC)
                                       :
BASHI MUSE, et al.,                    :   MEMORANDUM OPINION
                                       :        AND ORDER
          Defendants.                  :
                                       :
-------------------------------------- X
```

Appearances:

For United States of America:

Daniel Lawrence Stein
Guruanjan Sahni
Assistant United States Attorneys
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

For the Defendants:

Louis R. Aidala
Counsel to Defendant Mohamed Mohamed
597 Fifth Avenue
New York, New York 10017

Denis Patrick Kelleher, Jr.
Counsel for Defendant Mohamed Jama
Kelleher & Dunne LLP
17 Battery Place, Eleventh Floor
New York, New York 10004

Susan J. Walsh
Counsel to Defendant Mohamed Abdillahi Mohamed
Moscowitz and Book, LLP
1372 Broadway, 1402
New York, New York 10038

DENISE COTE, District Judge:

This Opinion and Order addresses individual motions to suppress made by three defendants in this action.  Two motions are denied; decision is reserved on the motion by Mohamed Abdillahi Mohamed.

FEBRUARY 23, 2006:  MOHAMED A. MOHAMED AND MOHAMED JAMA

Two defendants, Mohamed Abdillahi Mohamed ("M.A. Mohamed") and Mohamed Jama ("Jama"), have moved to suppress items seized from their persons and a car on February 23, 2006 by local law enforcement officers on the ground that the Government has failed to establish probable cause.[1]  With its submission of February 16, the Government provided to defense counsel for the first time police records concerning the arrests and seizures on February 23.  Its description of the facts set forth in those documents, as supported by an examination of the underlying documents, shows probable cause to arrest Jama, who came to retrieve two packages from Mailboxes, Etc.  The officers had reason to believe that at least one of the packages contained khat, and potentially the controlled substance cathinone.

---

[1] On February 27, I granted M. A. Mohamed an extension to reply by March 9, to the Government's opposition to his motion to suppress.  A March 7 Order in this action mistakenly treated defendant M.A. Mohamed's motion as fully submitted.  The ruling in this Order supersedes the ruling in the March 7 Order as to this defendant.

Jama argues that while the Government has presented sufficient facts to constitute probable cause to believe that the packages that Jama picked up contained khat, those facts do not support an inference that Jama "knew" that the packages contained khat.[2]  He argues that simply picking up the packages is insufficient to support the inference of knowledge.  Jama is wrong.

A "warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, 534 U.S. 147, 152 (2004).  "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest."  Id.  "[P]robable cause does not require absolute certainty."  Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006) (citation omitted).  Courts should look to the "totality of the circumstances" and "must be aware that probable cause is a fluid concept--turning on the assessment of probabilities in particular factual contexts--not readily, or even usefully, reduced to a neat set of legal rules."  Id. (citation omitted).

---

[2] The Government has agreed not to offer Jama's post-arrest statement at trial.

In United States v. Montana, the defendant had accompanied an accomplice to pick up a package from a mail facility.  The accomplice entered the facility, obtained the package and was arrested as he attempted to open it.  The package contained cocaine.  The Court of Appeals found that the agents also had probable cause to arrest the defendant because they had observed him arrive with the accomplice, pace back and forth outside the mail facility, and peer into the window of an undercover DEA surveillance car.  958 F.2d 516, 519 (2d Cir. 1992).  See also Mejia v. City of New York, 119 F. Supp. 2d 232, 257 (E.D.N.Y. 2000) (observing, in context of Section 1983 false arrest action, that evidence that plaintiff was intended recipient of package would be sufficient to establish probable cause to believe that the plaintiff had knowledge of the package contents).

In this case, the arresting officer was aware that the two packages had been addressed to different names but the same mailbox number.  He observed Jama go into the mail facility and sign for and pick up both packages.  These facts, when combined with probable cause to believe that at least one of the packages contained cathinone, were sufficient to establish probable cause for Jama's arrest.

With respect to the arrest of M.A. Mohamed, the Government's memorandum in opposition to the motion to suppress

4

explains that after arresting Jama, Detective Diaz approached the van in which Jama had arrived, a van driven by Mohamed, and "saw a substance that he believed to be khat on the floor by the driver's seat, leading him to arrest Mohamed." With his reply to that memorandum, M.A. Mohamed offers a January 26, 2007 affidavit in which he asserts that at the time of his arrest on February 23, 2006 he was sitting in the driver's seat of his car.  Law enforcement officers removed him from the car and searched him and the car without his permission and without showing him any warrant.  He does <u>not</u> deny that khat was in the car and visible to a law enforcement officer who approached the car.  His attorney argues, however, that the Government has still failed to carry its burden of showing the existence of probable cause because it has not presented any sworn statement from Detective Diaz that in fact attests to the facts as described in the Government's memorandum.

The documents which the Government has disclosed to the defendants and appended to its opposition to this motion were created on or near February 23, 2006, and do not describe the facts as they are presented in the Government's memorandum.  The documents describe loose pieces of khat "under the driver's seat" and "in a bag in the vehicle;" or as coming "from the floor by the driver's seat"; or as recovered "from under driver seat" and from inside a plastic bag "in rear of vehicle."

5

Because the Government did not produce the police records concerning the arrests on February 23, 2006 until it served its opposition to this motion, the defendant's ground for challenging probable cause could not be articulated until he served his reply brief on the Government.  In these circumstances, the Government will be given an opportunity for a sur-reply to address the existence of probable cause to arrest M.A. Mohamed.  Assuming that it is able to show the existence of probable cause, the defendant's request for a hearing is denied since he has not disputed that the khat was visible to the arresting officer as the officer approached the vehicle.[3]

MOHAMED MOHAMED

Because Mohamed Mohamed's affidavit in support of his motion to suppress was filed late, the Government was given an opportunity to respond by March 12 to his assertion that he did not consent to the search of the luggage seized from a car that he was driving.  The Government contends that it had probable cause for the search of the vehicle and the luggage even without the defendant's consent based on conversations intercepted pursuant to court-ordered electronic surveillance and observations by law enforcement officers concerning the luggage and vehicle just prior to the search.  The Government is

---

[3] To the extent that M.A. Mohamed's motion is premised on alleged inconsistencies in the description in the arrest documents about the time of Jama's arrest, the motion is denied.

6

correct. See Wyoming v. Houghton, 526 U.S. 295, 307 (1999) (holding that probable cause to search a car permits police officers to "inspect passengers' belongings found in the car that are capable of concealing the object of the search"); United States v. Gaskin, 364 F.3d 438, 456 (2d Cir. 2004) (permitting "a warrantless search of a readily mobile motor vehicle if probable cause exists to believe the vehicle contains contraband or other evidence of a crime.") (citing Pennsylvania v. Labron, 518 U.S. 938, 940 (1996) (per curiam), among other cases). The defendant's request for a hearing is denied.

CONCLUSION

The individual motions to suppress and requests for hearings by defendants Mohamed Jama and Mohamed Mohamed are denied. The Government may submit a sur-reply to address Mohamed Abdillahi Mohamed's motion no later than Wednesday, March 21, 2007.

SO ORDERED:

Dated:   New York, New York
         March 16, 2007

_____
DENISE COTE
United States District Judge

7